Brian J. Brazier (SBN: 245004)
**Price Law Group, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T. (818) 600-5566
E. brian@pricelawgroup.com
*Attorney for Plaintiff,*
*Felicia Hicks*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA HICKS,<br><br>         Plaintiff,<br><br>   vs.<br><br>USAA SAVINGS BANK,<br><br>         Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Telephone Consumer Protection Act and Invasion of Privacy/ Intrusion upon Seclusion)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Felicia Hicks ("Plaintiff"), through her attorneys, alleges the following against Defendant, USAA Savings Bank. ("Defendant").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Plaintiff's reasonable expectation of privacy. She reasonably believed her privacy and seclusion were safe and protected.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Because Defendant transacts business within the District, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Vista, San Diego County, California.

7. Defendant is a banking institution engaged in the business of giving credit and collecting debt, with the principal place of business located in San Antonio, TX. Defendant can be served with process at 10750 McDermott Freeway, San Antonio, TX 78288-9876.

## FACTUAL ALLEGATIONS

8. Defendant is attempting to collect a debt from Plaintiff.

9. On and around May 2016, Defendant began placing calls to Plaintiff's cellular phone number (760) 622-7366, in an attempt to collect an alleged debt.

10. The calls came from the following telephone numbers: (800) 531-7013 and (800) 531-0378; upon information and belief these numbers are owned or operated by Defendant.

11. On or around May 11, 2016, at approximately 8:39 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

12. Defendant informed Plaintiff that it was attempting to collect a debt.

13. Plaintiff instructed Defendant not to contact her any further.

14. Defendant ignored Plaintiff's requests to cease calls and continued calling her.

15. On or around May 19, 2016, at approximately 5:04 p.m., Plaintiff answered a second collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff again instructed Defendant not to contact her any further.

18. On or around June 9, 2016, at approximately 5:31 p.m., Plaintiff answered a third collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

19. Defendant informed Plaintiff that it was attempting to collect a debt.

20. Plaintiff once again instructed Defendant not to contact her any further.

21. On or around June 27, 2016, at approximately 11:58 a.m., Plaintiff answered a fourth collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

22. Defendant informed Plaintiff that it was attempting to collect a debt.

23. For a fourth time, Plaintiff instructed Defendant not to contact her any further.

24. Upon information and belief, approximately seventy-five (75) calls were made by the Defendant to the Plaintiffs cellular phone even after Plaintiff had requested not to be contacted on four (4) separate occasions.

25. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain computer software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database od numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

26. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

27. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* At 14091-92, paras. 132-33

28. Plaintiff suffers from anxiety and takes prescription medication for this diagnosis. The calls triggered Plaintiff's anxiety and caused severe embarrassment, especially when she received calls in her workplace.

29. Plaintiff is a single mother to one young son, and calls made by Defendant interrupted her personal time with her son.

30. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

### COUNT I
**(Violations of the TCPA, 47 U.S.C. § 227)**

32. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.
33. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    (a)     Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    (b)     Within four years prior to the filing of the action, on multiple occasions,   Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **COUNT II**

35. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36. Defendant intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns. Defendant's intrusion would be highly offensive to a reasonable person and was unwarranted and unjustified.
37. Specifically, Defendant called Plaintiff in a frequent and daily manner with intent to harass her and invade her privacy and seclusion. Defendant was on notice that Plaintiff could not receive calls and ignored her repeated requests by continuing to bother and harass her while she was at work and at home with her young son.
38. As a result, Plaintiff suffered injury as a proximate cause of such intrusion.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Felicia Hicks, respectfully requests judgment be entered against Defendant, USAA Savings Bank, Inc., for the following:

A. Statutory damages of between $500.00 and $1500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Any other relief that the Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: June 11, 2018      By: */s/Brian J. Brazier*

Brian J. Brazier (SBN: 245004)
**Price Law Group, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T. (818) 600-5566

E. brian@pricelawgroup.com
*Attorney for Plaintiff,*
*Felicia Hicks*